Lobing, J.,
delivered the opinion of the court:
The petitioner claims, first, for reductions made during the continuance of the two charter-parties on which he sues in the •per-diem compensation stipulated in them. But the evidence , showed that,, after the several reductions were made and known to the petitioner, he continued his vessel in the service of the United States and receipted for the reduced payments made to him as payments in full; and this we think is evidence of his assent to the reductions. On the facts found he had his election to demand the release of his vessel and withdraw her from the service altogether or to continue her in the service at the reduced rates; ahd he elected the latter.
The petitioner claims, secondly, to be paid the per-diem compensation of $150 per day for twenty days’ service lost to him while his vessel was being repaired by the United States at Wilmington, N. 0. The evidence shows that the master of the vessel demanded payment at the charter rate for these twenty days, and protested against the non-payment at the time; but the evidence also showed that subsequently the matter was arranged betwmen the United States and the petitioner, for it showed that an account was stated between them, specifying the loss of twenty days’ service, in which the petitioner was allowed for these $1,000, being at the rate of $50 per day for running expenses, and he receipted for the payment of the amount allowed him as a payment in.full for the twenty days’ service and the account. The evidence showed, therefore, an account stated, and the payment of the balance found receipted for as payment in full.
Then the petitioner claims theper-diem compensation of $150 for fifty-three days’service lost in sending the vessel to New York for repairs, for repairing her there, and returning her to the service in North Carolina, and on the facts that the repairs were made necessary by the injuries to the vessel sustained in her running on stumps in navigating the rivers of North Carolina and in firing the cannon placed on board of her.-
*387 As to the former injuries, it is not shown or suggested that her running on the stumps was from any want of care or skill on the part of her officers and crew, and it was a risk incident to the navigation in which she was employed and- extraneous to the vessel and independent' of her condition and was therefore a marine risk, in the strictest sense of those words, as they have been construed and applied ever since the law of maritime insurance existed; and in the charter under which the vessel was then employed the United States assumed all u the iva-r and all other risks,” and therefore these.
As to the injuries sustained by the use of the cannon put on board of her by the United States: The vessel was chartered for freighting, to which she was adapted, and she was • not adapted nor chartered for a gun-boat. The United States, therefore, were not authorized by the contract to put and use a cannon on board of her for firing on the enemy without the assent of her owner, and they were expressly notified of his dissent by the objection and protest of her master; and as the. act of the United States was unauthorized, it was an abuse of the-vessel, in violation of the contract, and they are liable for its consequences; and the injuries thus sustained were specified' and proved in the evidence.
Then the facts find that the repairs put on the vessel in New York were made necessary by the injuries sustained from the causes above stated; that they were made with reasonable dispatch ; and that the amount claimed for them in the petition, viz, $3,500, was reasonable, and paid by the petitioner.
On these grounds we adjudge that the petitioner was entitled to recover the cost of the vessel’s repairs in New York, and the per-diem compensation of $125 per day, which she was then earning, for the fifty-three days lost from her service by her repairs in New York, less $50 per day for the cost of her running expenses, saved during that time. This amount of $50 per day was paid by the United States as the cost of her running expenses while she -was repairing at Wilmington, and is therefore adopted as the allowance for her running expenses, while repairing at New York.